# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRY SIDMAN, | : | No. 3:14cv2292 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SAJE BUILDS, LLC and EZCADI DESIGNS, LLC, a/k/a EZCADI FURNITURE DESIGNS, LLC, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | |
|---|---|
| EZCADI DESIGNS, LLC, a/k/a EZCADI FURNITURE DESIGNS, LLC, | : |
| Third-Party Plaintiff | : |
| | : |
| v. | : |
| | : |
| ALAN AMERAL and COACHLIGHT CONSTRUCTION INC. a/k/a COACH LIGHT CONSTRUCTION, | : |
| Third-Party Defendants | : |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is a motion for summary judgment filed by Third-Party Defendants Alan Ameral and Coachlight Construction Inc. a/k/a Coach Light Constriction in this negligence action. The motion is fully briefed and ripe for disposition.

**Background**

During the summer of 2012, Pocmont Resort and Conference Center

(hereinafter "Pocmont Resort"), a business facility located in Bushkill, Pennsylvania, constructed a plan to fully renovate its conference center. (Doc. 1, Compl. ¶ 8). In doing so, Pocmont Resort contracted with Saje Builds, LLC (hereinafter "Saje Builds"). (Id. ¶ 9). Saje Builds was hired to design and install moldings, cabinets, and general furnishings within the center. (Id.) In turn, Saje Builds subcontracted with Ezcadi Designs, LLC to assist with these renovations. (Id. ¶ 10). Due to the extensiveness of the renovations, Ezcadi Designs, LLC later contacted Coachlight Construction, a company owned by Alan Ameral, to also assist with the project. (Doc. 111, Def. Stmt. of Mat. Facts (hereinafter "SOF") ¶ 1).

One of the renovation projects was the remodeling a bar at Pocmont Resort. (Id. ¶ 3). The remodeling involved installing wooden roll-up panels on each side of the bar so that the liquor shelf could be closed when the bar was not in use. (Id.)  It is not established whether employees of Saje Builds, Ezcadi Designs, or Coachlight Construction actually installed the panels; however, the parties agree that bartenders of Pocmont Resort, Crystal Zicardo and Carmen "Millie" Melvin took the panels down at some point after they were originally installed. (Id. ¶ 6). The panels were then reinstalled by maintenance personnel. (Id. ¶ 7).

Approximately one year later, in June 2013, Plaintiff Sherry Sidman, an employee of Pocmont Resort, was injured when one of the wooden panels fell and struck her on the head. (Doc. 115, Third Party Pl.'s SOF ¶ 10). In light of her injuries, Plaintiff Sidman initiated this lawsuit in December 2014 against Saje Builds and Ezcadi Designs alleging the negligent "researching, testing, designing, developing, manufacturing, importing, marketing, advertising, distributing, assembling, installing, and/or selling" of the wooden panels. (Doc. 1, Compl. ¶ 21).

In July 2015, Ezcadi Designs (hereinafter "plaintiff") filed the instant third-party lawsuit against the third-party defendants, Coachlight Construction and its owner, Alan Ameral (hereinafter collectively referred to as "defendants"), alleging one count of negligence.[1] (Doc. 32, Third Party's Compl.). Specifically, Ezcadi Designs alleges that "Mr. Ameral of Coachlight Construction . . . was responsible for and had the duty to check that the spring clips on the panel were properly installed and properly attached and to ensure that the panel was secure." (Doc. 115, Third Party Pl.'s SOF ¶ 11 (citing Doc. 32, Third Party Compl. ¶ 12)).

After the close of discovery, the defendants filed the pending motion for summary judgment, bringing the case to its current posture.

---

[1] As this memorandum deals with a motion for summary judgment on the third-party complaint, for simplicity and clarity we will refer to Ezcadi Designs as the plaintiff, and Coachlight Construction and Alan Ameral as the defendants.

3

**Jurisdiction**

This case is before us based upon diversity of citizenship. 28 U.S.C. § 1332(a). Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. § 1332(a). Instantly, Original Plaintiff Sidman is a citizen of Pennsylvania. (Doc. 1, Compl. ¶ 1). Original Defendant Saje Builds is incorporated in the State of Delaware, with its principal place of business in New York. (Id.) Original Defendant/Third-Party Plaintiff Ezcadi Designs is incorporated in the State of New Jersey, with its principal place of business also being in New Jersey. (Id.) As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise

4

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id.; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical

doubt as to the material facts"); Wooler v. Citizens Bank, 274 F. A'ppx. 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial.' " Picozzi v. Haulderman, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. Big Apple BMW, Inc. v. BMW of North America. Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**Discussion**

The defendants argue that their motion for summary judgment should be granted because the plaintiff cannot point to sufficient evidence to establish that the defendants acted negligently. In Pennsylvania, the elements necessary to plead an action in negligence are: (1) the existence of a duty or obligation requiring a certain standard of conduct; (2) a failure to conform to that duty, or a

breach thereof; (3) a causal connection between the breach and the harm and (4) actual loss or damage suffered. City of Philadelphia v. Beretta U.S.A. Corp., 277 F.3d 415, 422 n.9 (3d Cir. 2002).

The defendants argue that the evidence here establishes that the defendants owed no duty because they were not involved in designing the wooden panel, the installer of the panel is unknown, and Defendant Alan Ameral was not an acting supervisor when the panels were installed. Moreover, even if there was negligence involved in the original installation, because the panel was taken down by Pocmont Resort employees and then reinstalled by maintenance personnel, any liability of the original installers is cut off by that superseding event. In response, the plaintiff argues that: (1) because Ezcadi Designs has included a claim for contribution and/or indemnification against the defendants, we must view the facts liberally to determine if recovery "would be possible[;]" and (2) there is a sufficiency of disputed facts in this matter to go before the trier of fact on the issue of whether the defendants owed and breached a duty to the plaintiff. We will address these issues in turn.

**I. Claim for Contribution and/or Indemnification**

The plaintiff has presented case law which, it argues, stands for the proposition that there is a legal right to assert claims of contribution by a third-party plaintiff against a third-party defendant. As plaintiff points out, such

"impleader" is proper so long as under some construction of facts, recovery by the third-party plaintiff would be possible. FED. RULE CIV. PROC. 14(A). In this case, however, we do not find contention surrounding plaintiff's initial joining of the defendants to this litigation matter. The defendants did not move to have the third-party complaint dismissed, thus plaintiff has proceeded with this third-party action.

Plaintiff also argues that we must deny the pending motion for summary judgment and simply wait to see how the facts are adduced at trial. Plaintiff cites to Gartner v. Lombard Bros., Inc. 197 F.2d 53 (3d Cir. 1952), remarking that the trial court in that case granted the third-party defendant's motion to dismiss a claim of contribution. The Third Circuit reversed the dismissal, which it deemed premature, holding that at the motion to dismiss stage, plaintiff simply had to make out, in its pleadings, a case on which, if the facts were developed, it could recover. Id. at 55-56.

Plaintiff argues that the defendants "could be found to be liable as joint tortfeasor[s]" and "the trier of fact could find that [Defendant] Ameral failed in his contractual duty." (Doc. 114, Pl.'s Br. in Opp. at 4-5). Such an argument may have been appropriate at the motion to dismiss stage, like in Garther. However, as we discussed in the previous section, the legal standard for a motion for summary judgment, like the one before us, requires us to examine the facts that

have been adduced, not merely the allegations. See FED. R. CIV. P. 56(C). As such, we will proceed using the appropriate, more stringent standard.

**II. Genuine Issue of Material Facts**

The defendants argue that the plaintiff has not produced sufficient evidence to demonstrate liability on their part, as the defendants did not design the wooden panel nor does the evidence demonstrate that they were involved with the installation. After a careful review of the record, we agree with the defendants. At this stage in the proceedings, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Id. As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S at 586–587. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. at 247–248. Further, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

9

should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

The record is clear that the wooden panel at issue was not designed by the defendants. Ezra Berger, owner of Plaintiff Ezcadi Designs, testified that a company who is not a party to this litigation, One World Design, "designed the whole project." (Doc. 109-2, Exhibit D, Dep. of Ezra Berger at 51:23). Berger further specified that he was the one who "designed the way the panel [was] made." (Id. at 56:5-6). Plaintiff argues that it is possible that the defendants affirmed changes to the design of the wooden panel. Defendants argue that the record does not support plaintiff's argument. We agree with the defendants. Thus, any negligence claim against the defendants would be with respect to the installation of the wooden panel, not the design.

The record also contains no evidence that the defendants installed the panel that caused injury to Sherry Sidman. The parties appear to agree, therefore, that whether Defendant Alan Ameral was acting in a supervisory position when he and his company, Coachlight Costruction, were performing renovations for Pocmont Resort is critical to the negligence claim. Plaintiff argues that because the parties disagree on this issue, it should be viewed as a genuine issue of material fact. We disagree.

After a careful review of the record, we find insufficient evidence supporting plaintiff's position that Ameral was hired in a supervisory role to perform renovations. Plaintiff's entire argument relies on the deposition testimony of Ezra Berger. Berger made several statements in his deposition relating to the liability of Ameral, which the plaintiff argues are sufficient to demonstrate a genuine issue of material fact. Berger testified that although there was no contract between he and Ameral, he "believe[s] [Ameral] was hired in a supervisory role[,]" and he "probably assumed" that Ameral installed the wooden panel. (Doc. 109-2, Exhibit D, Dep. of Ezra Berger at 25:24-25). This seemingly uncertain testimony is inadequate to create a genuine dispute of material fact.

Further, Ameral denies acting in a supervisory role, and denies that he was told by Berger that he was going to be a supervisor on the job. (Doc. 115, Exhibit A, Dep. of Alan Ameral at 36:14-16). When asked if he was present when the wooden panel was installed, he replied in the negative. (Id. at 52:9-10). When asked if he was responsible for supervising anyone pertaining to the installation of the wooden panel, he again replied in the negative. (Id. at 52:17-20). Moreover, testimony from Shimon Rosenberg, a representative from Saje Builds, indicates that an individual named Ralph Shoemaker was actually the designated project supervisor, responsible for inspecting the work that was done by

subcontractors to make sure it was done in a workmanlike manner. (Doc. 120, Exhibit A, Dep. of Shimon Rosenberg at 30:5-14 and 61:11-23).

Finally, as the defendants point out, while not controlling, we find it persuasive that Original Plaintiff Sidman's expert witness concluded that it was not the defendants, but both Saje Builds and Ezcadi Designs that caused this incident to occur. (Doc. 116, Exhibit F, Expert Report of Walter E. Green at 17-18). Additionally, Green opined that Ezcadi Designs "failed to provide a clear program for adequate supervision or coordination and to come to a clear understanding with Alan Ameral as to responsibilities on the project." (Id. at 18). This witness, who was hired by the plaintiff to examine the incident site and circumstances to determine the nature and cause of the incident failed to find any liability on the part of the defendants. Our own examination of the record has led us to the same conclusion.

**Conclusion**

Accordingly, in the absence of a genuine issue of material fact, we will grant the defendants' motion for summary judgment. An appropriate order follows.

**Date: January 12, 2018**                 **s/ James M. Munley**
   **JUDGE JAMES M. MUNLEY**
   **United States District Judge**